## W. A. GILCHRIST v. JOHN R. BRYANT, Appellant.

**Division One, July 3, 1908.**

1. **ABSTRACT: No Index.** Where the abstract, printed in fair type, consists of only five pages, an index is unnecessary. The rule ends with the reason of it.

2. **————: No Exceptions.** Where the abstract shows that a bill of exceptions was allowed, signed and filed, but does not show a single thing identified as set forth in the bill, not even any testimony or any exception to any ruling, or any instruction, there is nothing before the court but the record proper.

3. **QUIETING TITLE: General Denial.** Where the petition alleges that plaintiff is the owner of the land in "fee simple absolute," and the answer denies that plaintiff has any interest in the land and avers that defendant has none adverse to plaintiff and claims no interest in himself, it cannot be seen how defendant is much damaged by a judgment decreeing title in plaintiff, in the absence of any testimony that may be considered on appeal.

Appeal from Mississippi Circuit Court.—*Hon. H. C. Riley,* Judge.

AFFIRMED.

*H. C. O'Bryan* and *Boone & Lee* for appellant.

*Russell & Deal* for respondent.

LAMM, J.—This is a suit under section 650, Revised Statutes 1899, to ascertain and determine the estate, title and interest of plaintiff and defendant, repectively in the south half of the southwest quarter of section 31, township 23, range 17 in Mississippi county, Missouri, and to define and adjudge the title, estate and interest of said parties severally in and to such real property.

Plaintiff, wanting his title quieted and settled, brought suit alleging in his petition that he was the owner of the land in "fee simple absolute," and averring that "defendant claims to have title to an interest in the land and real estate, which is adverse, hostile and injurious to plaintiff."

To the foregoing petition, defendant answered by a general *denial*—*i. e.*, he denied (*inter alia*) the allegation that he claimed title to or any interest in the land adverse, hostile or injurious to plaintiff.

The judgment was in favor of plaintiff, and defendant appeals.

I. It is argued the abstract is imperfect, in that it does not comply with our rule requiring an *index*. But, as it is only five pages, all told, and is printed in fair type, an index would only impose an additional labor on the court in using it to examine the abstract. There being no office for it to fill, it could fill none. The rule ends with the reason of it, and trifles concern not the law. The point is ruled against plaintiff.

II. The abstract shows a bill of exceptions was signed, allowed and filed, but it does not show a single thing identified as set forth in the bill of exceptions. There is no bit of testimony, or any exceptions, or one ruling said to be contained and preserved therein from caption to signature.

By Revised Statutes 1899, section 864, we are forbidden to consider any exceptions "except such as shall be expressly decided by such court"—that is, by the trial court.

Now, it has always been held that an exception can be preserved for appellate use nowhere else than in a bill of exceptions. Therefore the bill of exceptions should show the exceptions. Therefore the abstract of the bill of exceptions *should show that the bill of exceptions shows the exceptions.* [Thompson v. Ruddick, this volume, p. 561, and cases cited.]

There might as well be no bill of exceptions, at all, as to file here an abstract which does not in some reasonable way point out what it contains. No court should guess at what is in such bill. The case, then, must be considered as if no bill of exceptions had been filed.

The premises considered, we can examine only the record proper, and have done so. We find the petition states a cause of action and supports the judgment. This being so the latter must be affirmed.

This ruling is softened to us by the fact that it is apparent defendant has no paper title. So, too, the case is presented to us on the theory of defendant's counsel, that neither party is in possession. The land is admittedly wild, unfenced and uncultivated. All the equities are with plaintiff, who holds under a chain of title originating in a defective foreclosure sale under a school mortgage forty years ago.

Furthermore, defendant does not claim title in his answer. By filing a general denial he denied that plaintiff claims title or was the owner in fee simple absolute, but he did not stop with that—mark, he also denied that he, himself, had any claim, title or interest in the land hostile to plaintiff. On such a pleading can defendant be much injured by a judgment in favor of plaintiff? Let the judgment be affirmed. It is so ordered.

All concur except *Valliant, P. J.,* who is absent.