W. A. ROHLF v. JOHN HAYES and KATE HAYES, Appellants.

Division One, April 9, 1921.

SUIT TO QUIET TITLE: Pleading: General Denial: Defendant No Right to Complain of Judgment. In a suit under Sections 2535-2537, Revised Statutes 1909, to quiet title, where plaintiff, in his petition, claims title in fee and alleges that defendants "claim some right, title or interest" in the land described and defendants file an answer denying "each and every allegation" in plaintiff's petition, they have no right to complain of a judgment for plaintiff.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

*Jos. S. Brooks* for appellants.

Where plaintiff in his suit to quiet title tenders the issue of fee simple title, by alleging that he is the owner thereof, he must show a complete title from the patent, or must show a common source of title. The plaintiff made no prima-facie case and the demurrer to the evidence should have been sustained, and judgment should have been for defendants. Stewart v. Land Co., 200 Mo. 281; Toler v. Edwards, 249 Mo. 162; Noble v. Cates, 230 Mo. 189.

*A. I. Beach* and *Bert Steeper* for respondent.

The defendants having denied in their answer that they claim any right, title or interest in the property in question, the plaintiff was entitled to a judgment on the pleadings, and since defendants claimed nothing, they cannot be hurt by a judgment for the plaintiff. Gilchrist v. Bryant, 213 Mo. 442; Graton v. Land & Lumber Co., 189 Mo. 322; Jordan v. Stevens, 55 Mo. 361; Stark v. Cooper, 217 S. W. 104.

GRAVES, J.—The petition is an ordinary one to quiet title, under the statute, to a portion of Lot 8 of Harrison Boulevard Place, an addition to Kansas City, Missouri. Plaintiffs claim a fee simple title in the petition, and avers that defendants "claim some right, title or interest" in this portion of said lot.

Defendants' answer reads thus:

"Now come the defendants and for answer to the plaintiff's petition deny each and every allegation therein contained."

After hearing evidence upon the part of plaintiffs, the defendants demurred thereto, and stood upon their demurrer. The court entered judgment for plaintiffs, and defendants have appealed. They challenge here the sufficiency of the evidence to show fee simple title in plain-

tiff, and this in the face of their answer wherein they denied that they claimed any "right, title or interest" in the premises. This outlines the case.

The defendant has no complaint to make as to this judgment, so far as his brief goes in this court. Under Section 2535, Revised Statutes 1909, the statute under which plaintiff proceeded, it was incumbent upon plaintiff to allege in his petition (1) that he claimed some interest in the property, and (2) that defendants claimed some interest in the property. These two allegations are substantive and vital to a petition under this statute. Defendants in such action may choose their own course in the answer. The procedure is as under our civil code. [R. S. 1909, sec. 2536.] If defendants default, or appearing, admit the facts of the petition and consent to judgment, then costs must be taxed against plaintiffs. [R. S. 1909, sec. 2537.] In this case defendants did not default, nor did they consent to a judgment for plaintiff as per his petition. They answered, but only by the general denial set out in the statement. By this general denial they denied that they claimed any title or interest in the premises. With this denial of record, they passed out of the case below, and here, as parties having an interest in the subject-matter of the litigation. When they denied, as they did, that they claimed either title or interest in the property, it is hard to conceive their further interest in the case *nisi*, or here. In Gilchrist v. Bryant, 213 Mo. l. c. 444, LAMM, J., in a similar situation said:

"Furthermore, defendant does not claim title in his answer. By filing a general denial he denied that plaintiff claims title or was the owner in fee simple absolute, but he did not stop with that—mark, he also denied that he, himself, had any claim, title or interest in the land hostile to plaintiff. On such a pleading can defendant be much injured by a judgment in favor of plaintiff? Let the judgment be affirmed. It is so ordered."

So say we in this case. The judgment is accordingly affirmed. All concur.