FANNIE BOONE, RESPONDENT v. H. L. LEDBETTER AND O. R. AINSWORTH LEDBETTER, APPELLANTS.—200 S. W. 2nd, 601.

Kansas City Court of Appeals. Opinion delivered January 13, 1947.

*Jesse I. Moritz* and *Walter A. Raymond* for appellants.

*C. W. Prince* and *Wm. Dennis Bush* for respondent.

CAVE, J.—This is an appeal from an order of the trial court overruling appellants' (defendants) motion to vacate a judgment because of alleged errors patent of record which rendered the judgment void. The motion was filed after the time expired for filing a motion for new trial and at a subsequent term of court. Such a proceeding is authorized under conditions and allegations made here. Harrison v. Slaton, 49 S. W. (2d) 31, 34; State ex rel. Potter v. Riley, 219 Mo. 667; Shuck v. Lawton, 249 Mo. 168. For a learned discussion of such motions see, Cross, et al. v. Gould, 131 Mo. App. 585; and Simms v. Thompson, 291 Mo. 493.

Plaintiff's amended petition was in two counts. The first count alleged that prior to the month of July, 1928, she was the owner of certain described real estate located in Jackson County, Missouri; that at that time defendant H. L. Ledbetter represented to plaintiff that he desired to convey to plaintiff three residential properties located in Kansas City, Missouri, which he owned, in exchange for her described real estate; that said defendant further represented to plaintiff that his said properties were occupied by tenants under lease yielding a gross rental income of $143 per month and had a market net value of $12,150; that said representations were false and untrue in that said properties were not occupied by tenants under lease and did not yield $143 per month, and that the equities in said properties were worthless; that, at the time he made said representations, defendant knew they were false and untrue and made them for the purpose of deceiving and cheating the plaintiff; that plaintiff relied upon the truth of said representations and, so relying, conveyed her described land to defendant; that said defendant H. L. Ledbetter, shortly after receiving title to her tract of land, conspiring with the other defendants for the purpose of preventing and hindering her from recovering her said land, caused the same to be conveyed to defendant O. R. Ainsworth Ledbetter,

and caused said last named defendant to convey said land to defendant C. Clayton in trust to secure a fictitious $8,000 note, payable to defendant H. J. Slusher; and further conspiring against plaintiff, defendant caused another conveyance to be recorded wherein said defendants O. R. Ainsworth Ledbetter and H. L. Ledbetter conveyed the same to James F. McCaffrey, as trustee, to secure the payment of a fictitious $4,000 note to defendant Grover Young. The first count then alleged "the foregoing wrongful and malicious acts have caused plaintiff to suffer mental anguish and inconvenience. That because of all of the foregoing, plaintiff has been damaged in the sum of $12,150", and prayed judgment for that amount, together with punitive damages in the sum of $2,000.

The second count adopted all the averments contained in the first count; and further alleged that all the defendants were nonresidents of the State of Missouri, and that they have no property, personal or real, in this state, other than their pretended interest in the tract of land which plaintiff had conveyed to defendant H. L. Ledbetter; that said defendants are insolvent; that plaintiff has no adequate remedy at law, and that she is entitled to have a lien declared against the property which she had conveyed to the defendant "for the amount to which plaintiff is entitled under the averments of the first count herein", and prayed the court to declare a lien on said tract of land "for the amount found to be due her under the first count"; that the court decree foreclosure of said lien, and for such other relief as to the court may seem just and proper.

Defendant H. L. Ledbetter filed separate answer to the first count, admitting he entered into an exchange contract with plaintiff for the real estate described; that warranty deeds of exchange were made and that after he received plaintiff's deed and recorded the same he, for a valuable consideration, conveyed said property to defendant O. R. Ainsworth, who later became O. R. Ainsworth Ledbetter, one of the defendants herein, but he specifically denied that he made any false and fraudulent representations to the plaintiff concerning the rental income from his said property or the net value thereof, or that he conspired with any person in conveying or encumbering said property, as alleged in plaintiff's petition.

Defendant O. R. Ainsworth Ledbetter filed answer to the first count, admitting that defendant H. L. Ledbetter had conveyed to her the property which he received from plaintiff, and that she and H. L. Ledbetter later made the conveyances in trust to secure the debts described in the first count; that all of such conveyances were made in good faith and for value received, and denied each and every other allegation contained in count one.

The answers of the two Ledbetters to the second count of plaintiff's petition adopted all the allegations in their answers to the first count, and, in addition, admitted that they were nonresidents

of the State of Missouri, but denied all other allegations and averments contained in count two. Their answers then averred that they had "no right, title or interest, neither legal nor equitable, in the described real property upon which plaintiff seeks to establish the lien sought for in the prayer of count two of plaintiff's amended petition". They prayed that count two be denied, and that they have and recover their costs incurred.

A trial to a jury of count one resulted in a verdict and judgment for plaintiff and against these two defendants (appellants) in the sum of $6,075 for compensatory damages only. That judgment was entered at the March, 1945, term and in due time became final. Thereafter, and at the regular January, 1946 term, a trial was had on the second count, which was a suit in equity; and on the 21st day of February, 1946, but during the January term, the court entered a decree in favor of the plaintiff, which recited that the plaintiff, prior to July, 1928, was the owner of certain described real property, and that on said date plaintiff conveyed said realty to the defendant H. L. Ledbetter, who, by fraudulent representations of value of realty conveyed by him to plaintiff in exchange, "has underpaid the plaintiff in the sum of $6,075"; that for the purpose of hindering and delaying the plaintiff in the realization or recovery of said amount so due her, said defendant, conniving with the defendant O. R. Ainsworth (now O. R. Ainsworth Ledbetter) fraudulently conveyed the above described realty to said co-defendant and both defendants shortly thereafter wilfully and fraudulently caused incumbrances to be filed for record in the office of the Recorder of Deeds, thereby creating spurious mortgage liens; that the conveyance of said realty by defendant H. L. Ledbetter to his co-defendant O. R. Ainsworth Ledbetter was made for the purpose of creating a secret and fraudulent trust in favor of defendant H. L. Ledbetter, and is therefore clearly and utterly void "and because thereof the title to said realty has not left H. L. Ledbetter who is now and has been since July 12, 1928, the legal owner of said realty". The court also found that both defendants are and have been for many years, nonresidents of the State of Missouri and "ordered and adjudged that a vendor's lien be and now is declared upon the title to the land herein above described in the sum of $6,075" and ordered said lien foreclosed unless the amount of the lien was paid on or before March 21, 1946, and assessed costs against defendants.

The defendants appeared at the trial on count one and vigorously resisted the claim for damages, but they did not appear at the trial on the second count, although they had been served with process and their answers remained on file. The defendants did not file a motion for new trial within 10 days after the judgment as required by Sec. 116, Laws 1943, p. 388; but on March 21, which was during the regular March, 1946 term, they filed the motion, now under

consideration, to set aside the judgment on count two because it appears on the face of the record that the court had (1) "no authority, jurisdiction or right to render said judgment because the existence and amount of the debt sought to be enforced was denied, was in dispute and not conceded, and that defendants were in court, had entered their appearance, and were present at the trial on count 1 in said cause; (2) that it is apparent on the face of the record, even if the court had had jurisdiction to render said judgment in respect to count 2 thereof, said judgment rendered in count 2 thereof exceeded the jurisdiction of the court and was not supported by any pleading therein filed"; and prayed that the judgment be vacated and set aside. On *April* 5, 1946, a hearing was had on this motion and the court overruled the same and ordered it "stricken from the files". Five days later, appellants filed their notice of appeal "from the judgment and ruling in favor of plaintiff on count 2 of her petition entered in this action on the *5th day of April*, 1946". Therefore, defendants appealed from the order overruling their motion, which they had the right to do. (See authorities, supra).

Respondent has filed motion to dismiss the appeal because both appellants averred in their answers to count two that they had "no right, title or interest, neither legal nor equitable, in the described real property", which is the property upon which the lien is established. Respondent's contention is that appellants, by their answers, having disclaimed any interest or title in the real estate upon which the lien is declared, are not "aggrieved" by the judgment and, therefore, have no right of appeal as provided for in Sec. 1184, R. S. 1939. Appellants counter by asserting that their separate answers deny all the allegations of counts one and two and allege that all the conveyances described in plaintiff's petition were made in good faith and for a valuable consideration, and prayed plaintiff's petition be dismissed and that they recover their costs; but that the court found contrary to their contentions and held that a conspiracy did exist between the defendants for the purpose of defrauding plaintiff; that the conveyances were fraudulent; that the title to the land described in plaintiff's petition was still in defendant H. L. Ledbetter and that it was subject to a vendor's lien, and assessed costs against them, and therefore under such circumstances they are "aggrieved" parties, *and can appeal from the judgment.*

It is not necessary to discuss or decide whether the defendants would have had the right to appeal from the judgment on Count 2, had the proper steps been taken. We are now concerned with the only point urged by the appellants that the court had no jurisdiction to declare a lien on the real estate involved. But how could appellants (defendants) be "aggrieved" if, as their answers aver, they had "no right, title or interest, neither legal nor equitable,

in the described real property * * *'' on which the lien was declared? What would it profit them if the cause should be reversed and remanded?

In the case of Rohlf v. Hayes, 287 Mo. 340, the Supreme Court discussed a somewhat similiar situation and held that the defendants could not appeal. That suit involved title to real estate in which the defendants, by their answer, denied any interest or title, and the court decreed title in the plaintiff and defendants sought to appeal. The court said (342): "When they denied, as they did, that they claimed either title or interest in the property, it is hard to conceive their further interest in the case nisi, or here". To the same effect is the ruling in Gilcrist v. Bryant, 213 Mo. 442.

But defendants argue that the court did not accept their proffered disclaimer of title or interest, and by holding that the title had never left defendant, H. L. Ledbetter, it would leave defendants open to litigation and probable liability on their warranties of title to the parties to whom the property was mortgaged and conveyed. That is purely speculative. There is nothing in this record to indicate that when the defendants conveyed the property the instrument of conveyance contained any warranties which would make them liable.

They also contend that because the court assessed costs against them on Count 2, that this, of itself, would give them a right to appeal from the *judgment*. However that may be, they are not appealing, and cannot now *appeal*, from the judgment on Count 2, but have appealed, and must appeal, from the order of the court overruling their motion to vacate the judgment, which motion does not attack the judgment because costs were improperly assessed against them. No such contention is made in the briefs.

There are many cases in this State holding that before a party can appeal he must be "aggrieved" by the judgment or order appealed from. Some of such cases are: Love v. White, 348 Mo. 640, 154 S. W. (2d) 759; State ex rel. Fischer v. Vories, 333 Mo. 197, 62 S. W. (2d) 457; Shock v. Berry, 221 Mo. App. 718, 285 S. W. 122. In Shock v. Berry, this court said (720): "The right of appeal is statutory. * * * . In order for one to appeal he must not only be a party but he must have an interest in the subject matter of the suit in controversy; in other words, he must be a party aggrieved."

We are forced to the conclusion that the defendants, according to their answers, have no interest in the subject matter of the suit in controversy and are, therefore, not "aggrieved" parties as contemplated by Sec. 1184, R. S. 1939.

The appeal should be dismissed. It is so ordered. All concur.

## On Motion for Rehearing

CAVE, J.—In their motion for rehearing appellants contend our opinion is in conflict with an opinion of the Supreme Court in Sanders v. Jones, 347 Mo. 255, 147 S. W. (2d) 424. In that case the defendants had filed a *general denial* to plaintiff's petition, which was a suit to ascertain, determine and define the title and interest of the plaintiff and defendants in and to certain real estate. However, in that case, the parties *agreed upon a statement of facts* and submitted the cause to the court on *such agreement,* wherein it was stated "the only claim which defendants have, if any, to said real estate is based upon and arises out of said attachment and the levy * * * as hereinbefore set forth." The quoted language related to certain allegations in plaintiff's petition and certain facts agreed to in the stipulation. In distinguishing the case of Sanders v. Jones from Gilchrist v. Bryant, supra, and Rohlf v. Hayes, supra, the court held that the stipulation of facts, which included the above quoted part, "Amounted to an agreement that defendants *were* asserting a claim by virtue of the attachment"; and stated, "Obviously it did not occur to anyone at the trial that the real issues to be tried were not properly joined. * * * The case was tried throughout on the theory that the issues which the parties sought to litigate—and did litigate—were before the court." The situation is entirely different in the instant case. Here each answer affirmatively alleged that the defendant *has* no interest, right or title to the property involved, and each defendant failed and refused to appear and take any part in the trial on the second count. Their answers and their conduct can lead to but one conclusion: that they have no title to the real estate involved and no interest in the result of the trial on the second count.

Defendants also argue that our opinion is in conflict with an opinion of the Supreme Court in the case of Love v. White, 348 Mo. 640, 154 S. W. (2d) 759, and Pugh v. St. Louis Police Relief Ass'n., 237 Mo. App. 922, 179 S. W. (2d) 927. They argue that we are in conflict with the opinion in Love v. White because, (so defendants state), we held that they were "not proper parties to the suit. * * *" We did not and do not so hold.

The alleged conflict with the opinion of the St. Louis Court of Appeals in the Pugh case is that that court held "the right of appeal is favored." We do not consider our opinion in conflict with that principle because such *favor* does not extend to a party who is not *aggrieved* by the judgment.

As pointed out in our original opinion, we are not discussing or deciding the question of defendants' right to have appealed from the original judgment, but have limited our discussion and de-

cision to their right of appeal from the order of the court overruling the specific motion under consideration.

Motion for rehearing overruled.

Motion to transfer overruled.

All concur.