**CAMPBELL STREET LUMBER COMPANY, Plaintiff-Respondent,**

v.

**CENTRAL MORTGAGE CO., Inc., Defendant-Appellant,**

**George Winegardner, d/b/a Winegardner Plumbing & Heating, Defendant-Respondent,**

**Gerald D. Garner and Janet L. Garner, Defendants.**

**No. 8710.**

Springfield Court of Appeals.

Missouri.

Dec. 23, 1968.

**58**

E. W. Collinson, Springfield, for defendant-appellant.

Donald W. Jones, Church, Prewitt, Jones, Wilson & Karchmer, Springfield, for plaintiff-respondent.

William Andrew Dalton, Daniel, Clampett, Ellis, Rittershouse & Dalton, Springfield, for defendant-respondent.

HOGAN, Presiding Judge.

This is an action to enforce and foreclose a materialmen's lien. Though it has been neither briefed nor argued, the central and dispositive question in this court is whether or not the only appealing party is actually entitled to appeal. We address ourselves solely to that question.

The plaintiff's petition was obviously designed to invoke the provisions of Rule 101.11 (§ 429.270),[1] which applies when there is more than one lien claimant, and authorizes a single "* * * equitable action for the purpose of determining the various rights, interests and liens of the various mechanics' lien claimants and claimants of other liens and [the] owner of any interest in * * * said property and for enforcing the rights of any and all such persons * * *." As material here, the petition sets out that the plaintiff furnished labor and materials for the improvement of a tract of land owned by Gerald D. Garner and his wife; that demand for payment had been made and refused, and that plaintiff had timely and properly filed an account or statement of the amounts due, as required by § 429.080. The petition then recites that the real property in question is further incumbered by a deed of trust conveying the land to one R. L. West, as trustee for the Central Mortgage Co., and a number of other recorded claims for mechanics' and materialmen's liens. In a rather elaborate prayer for relief, the plaintiff asked that the court render judgment against defendants Garner in the amount of $3,625.00, that a lien be impressed upon the real property, buildings and improvements involved, and that the lien be foreclosed by special execution as provided by Rule 101.18 (§ 429.340). Plaintiff further prayed that the court ascertain and determine the rights and priorities of all persons claiming liens upon the property.

---

1. All references to statutes and rules are to RSMo (1959), V.A.M.S. and V.A.M.R.

Some time after the petition was filed, the plaintiff filed a motion in the trial court requesting that defendant Citizens Bank of Warrensburg, Missouri, be made a party. In this motion, plaintiff alleged that subsequent to the filing of the petition the deed of trust to the Central Mortgage Co. "ha[d] been foreclosed"; that Citizens Bank of Warrensburg was the purchaser in "such sale," and was vested with some interest in the property "by virtue of its purchase at the trustee's sale." The plaintiff prayed an order directing the issuance and service of summons and a copy of the petition upon defendant Citizens Bank, and further requested that the bank be made a party defendant.

Subsequently, Central Mortgage Co., Mr. West as trustee, and the Citizens Bank filed a joint answer. Paragraph 3 of this joint answer is as follows:

"3. Admit paragraph 6, and further answering state that said deed of trust has been foreclosed by the trustee and the property is now owned by the Citizens Bank of Warrensburg, Warrensburg, Missouri."

Paragraph 6 of the plaintiff's petition, we may add, alleges execution of the deed of trust to defendant R. L. West as trustee for Central Mortgage Co.

Two other lien claimants also answered and cross-claimed appropriately, issues were finally made up, and a trial was had. On trial it was developed that Mr. Garner was a builder who had acquired the tract of land in question for the purpose of constructing a house, which was to be sold on completion. Central Mortgage Co. made Mr. Garner a building loan and took the deed of trust as security. Upon completion, the property was to be re-conveyed to Mr. and Mrs. Sutton, who originally owned it, and Mr. Sutton was then to obtain a loan guaranteed by the Veterans Administration. As construction of the house proceeded and bills were presented, Central Mortgage issued checks payable to the materialmen. Each check bore a stamped waiver form on the reverse side. Plaintiff endorsed one such check by stamping "For deposit only" below the words of present and future waiver. The principal issue tried was whether this endorsement constituted a waiver of plaintiff's entire lien. We are not advised when Mr. Garner defaulted in his obligation to Central Mortgage, nor how much Central Mortgage actually advanced. Neither Mr. Garner nor Mr. Sutton appeared, but the record recites that Mr. Sutton and his wife disclaimed any interest in the property at a pretrial conference. There was no testimony concerning the "foreclosure," nor are the recitals of the trustee's deed in evidence.

After hearing the evidence, the trial court entered a personal judgment against Mr. and Mrs. Garner in favor of plaintiff and the other lien claimants, and impressed one acre of the realty involved with a lien in favor of the plaintiff and one other lien claimant, holding that the third claimant had waived its lien. The liens impressed were declared to be superior and prior to that of the deed of trust, and execution was ordered to foreclose the lien impressed. Mr. West and Central Mortgage filed a timely motion for new trial. Central Mortgage alone has appealed.

We thus have before us an equitable mechanic's lien proceeding in which the only appealing party lost or was divested of its interest in the land impressed with a lien prior to the time judgment was entered. No money judgment was entered against the appellant, nor does the record show that it is under any duty to indemnify the Citizens Bank or any subsequent grantee against any loss they may sustain by reason of the judgment entered. No costs were assessed against the appellant. To reiterate, the question is whether or not the appellant is so "aggrieved" by the judgment as to be entitled to appeal.

So far as the law is concerned, generalities are not helpful. § 512.020 and Rule 82.01 limit the right of appeal to a party " * * * to a suit *aggrieved* by any judgment of any trial court in any civil cause

* * *" (our emphasis) but it has been pointed out that the required grievance is not susceptible of precise and inclusive definition, and each case must be subjectively examined to determine whether or not the would-be appellant is "aggrieved" within the statutory intendment. Dubinsky Brothers, Inc. v. Industrial Commission of Missouri, Mo., 373 S.W.2d 9, 12–14; Listerman v. Day and Night Plumbing and Heating Service, Inc., Mo.App., 384 S.W.2d 111, 119–120 [9].

In this instance, the plaintiff alleged execution, by Mr. and Mrs. Garner, of a deed of trust to Central Mortgage Co. as security for a construction loan. After the suit was commenced, the plaintiff moved the trial court to add the Citizens Bank of Warrensburg as a party defendant, alleging that a deed of trust had been foreclosed by exercise of the trustee's power of sale, and that the Citizens Bank of Warrensburg was the purchaser. Answering, Central Mortgage specifically alleged that the deed of trust had been foreclosed, and that "the property is now owned by the Citizens Bank of Warrensburg." We are not advised of the details of the foreclosure, but it seems plain to us that the effect of Central Mortgage's pleading was to disclaim any interest in the land which was the subject matter of the action.

■ As we have said, general statements defining the word "aggrieved" can be misleading in a case of this kind, but ordinarily a judgment or decree which affects or determines rights in particular property does not aggrieve a party who has, or claims, no interest or title to the property, 4 C.J.S. Appeal and Error § 183, p. 562, and our courts have specifically applied this rule in a number of cases which we consider similar enough to be persuasive. In Gilchrist v. Bryant, 213 Mo. 442, 111 S.W. 1128, the plaintiff brought an action to quiet title and the defendant traversed, by general denial, plaintiff's allegation that defendant claimed "an interest in the land * * * which is adverse, hostile and injurious to plaintiff." The court affirmed the judg-

ment, but also went on to say, 213 Mo. at 444, 111 S.W. at 1128: "* * * mark, he [defendant] also denied that he himself had any claim, title or interest in the land hostile to plaintiff. On such a pleading can defendant be much injured by a judgment in favor of plaintiff?" In Rohlf v. Hayes, 287 Mo. 340, 229 S.W. 747, upon pleadings almost identical to those in the Gilchrist case, the court stated, 287 Mo. at 342, 229 S.W. at 747, "[w]ith this denial of record, they [defendants] passed out of the case below, and here, as parties having an interest in the subject-matter of the litigation. * * *" In Boone v. Ledbetter, 240 Mo.App. 368, 200 S.W.2d 601, the plaintiff brought an action in two counts, one for damages for fraud and another praying for the impression of a vendor's lien upon the land which plaintiff had been induced to convey to one of the defendants. Answering the second count, defendants jointly denied any "right, title or interest, neither legal nor equitable," in the property involved. The two counts were tried separately. Defendants did not appear at the trial on the second count, but the court impressed the land involved with a vendor's lien and ordered the lien foreclosed. Defendants filed a motion to vacate the judgment entered on the second count. The motion was denied and the defendants appealed. The respondent filed a motion to dismiss on the ground that the defendants were not aggrieved. The Court of Appeals sustained the motion, holding that the defendants could not be aggrieved by the judgment declaring a lien on property in which they had no interest. Other, similar rulings may easily be found, e. g., Briss v. Consolidated Cabs, Inc., Mo.App., 295 S.W.2d 391, 392 [1, 2]; Turk v. Mosby, 213 Ky. 50, 280 S.W. 472; and Howdeshell v. Stanbery, Tex.Civ.App., 122 S.W.2d 1118.

[2, 3] We are well aware that in some cases purely secondary or derivative liability under a judgment, such as that of an indemnitor or a surety, is sufficient grievance to authorize an appeal. Lister-

man v. Day and Night Plumbing and Heating Service, supra, 384 S.W.2d at 120. It may be that Central Mortgage is under some obligation to reimburse the Citizens Bank for loss sustained by reason of the judgment rendered. If the record indicated any such obligation, we think we might rule differently, but without anything before us showing that Central Mortgage is obligated to reimburse the purchaser, the appellant's liability and grievance by reason of the judgment rendered is a matter of pure speculation. Boone v. Ledbetter, supra, 240 Mo.App. at 374, 200 S.W.2d at 605 [2]. We are reluctant to dispose of the appeal without a resolution of the merits, but Central Mortgage's lack of standing to appeal cannot be overlooked. An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal. Holt v. McLaughlin, 357 Mo. 844, 847, 210 S.W.2d 1006, 1008 [6]; East Park District, etc., Kansas City v. Mansfield, 240 Mo.App. 325, 201 S.W.2d 434, 436 [3]. We must and do hold that Central Mortgage is not aggrieved by the judgment, and the appeal is dismissed.

STONE and TITUS, JJ., concur.