STATE OF MISSOURI at the relation of REVELL HIGGINBOTHAM, also known as REVELL BELL, non compos mentis, by HENRY C. KIRCHNER, his guardian, Relator, v. WILLIAM C. HUGHES, WILLIAM DEE BECKER and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—156 S. W. (2d) 650.

Court en Banc, November 26, 1941.

Rehearing Denied, December 16, 1941.

1074

*N. Murry Edwards* and *Sarsafield A. Naughton* for relator.

LEEDY, J.—Certiorari to quash the opinion of the St. Louis Court of Appeals in a case styled "Revell Higginbotham, also known as Revell Bell, non compos mentis, by Henry C. Kirchner, his guardian, v. Juretta Higginbotham," reported in 146 S. W. (2d) 856, which was a suit for divorce wherein relator (the husband) was plaintiff. The facts, as found in the opinion, are as follows: Plaintiff's petition alleged he had been duly adjudged non compos mentis on March 16, 1926, by the Probate Court, and the appointment of Henry C. Kirchner as his guardian. Said petition was signed "Revell Higginbotham by Henry C. Kirchner, guardian," and the statutory affidavit was made by said guardian. Personal service on defendant. At the return term, defendant having made default, an interlocutory decree was entered. Thereafter, and during the same term of court, plaintiff filed an amended petition (containing substantially the same allegations as the original), which was signed by Revell Higginbotham, plaintiff, and accompanied by a statutory affidavit made by said Revell Higginbotham, and also one by Henry C. Kirchner as guardian, and final decree of divorce granted. No motion for new trial or in arrest, nor further steps of any kind until thirty days thereafter, when, at the same (judgment) term, defendant filed a motion to set aside the decree for the reason the petition on its face disclosed that plaintiff was a person of unsound mind, and that the court had no jurisdiction to hear the cause and grant the divorce. Said motion was continued to the next term of court, when it was again continued; at

the second succeeding term, it was heard and overruled, and defendant appealed.

The St. Louis Court of Appeals held that, as it appeared from the record proper, plaintiff was incapable of maintaining the action (because of his insane condition), the decree was void ab initio, and so reversed the same. Relator does not assert ▊ that this court has ever announced any different or contrary rule with respect to the maintenance of such a suit by one under the disability mentioned, so what may be called the principal holding of the opinion stands unchallenged in this proceeding.

Relator assigns conflict with controlling decisions of this court in holding, (1) that the motion to set aside the judgment (filed thirty days after the rendition of said judgment, and not passed upon at the judgment term) and the original petition for divorce (which was abandoned upon the filing of an amended petition) constituted record proper; and (2) "in holding that a bill of exceptions was properly filed and allowed, even though no motion for a new trial had been filed and no appeal allowed at the term at which judgment was rendered, and that, therefore, the original petition and appellant's untimely motion to set aside were before the court for review."

▊ It is obvious that these assignments are contradictory, inasmuch as they charge, first, a holding (contrary to controlling decisions) that said documents, and each of them were record proper; and second, (likewise contrary to controlling decisions) that the same documents were properly bill of exceptions. In other words, the effect of relator's contention is that, under our holdings, the motion to set aside and the original petition could not be preserved for appellate review either by bill of exceptions or as part of the record proper—a position so untenable as to require no discussion. But the opinion is not susceptible to either of the constructions (much less both) placed on it by relator, for it says nothing whatever about which of said matters the motion to set aside or the original petition is to be regarded. For aught that appears, the court was not called upon to, and it did not decide that question. It affirmatively appears that a bill of exceptions was filed, and in that connection the court observed, "The difficulty in this case is not that the transcripts and abstract do not contain sufficient matters to bring the real issue before this court, but they contain a mass of matters that are unnecessary and superfluous, and tend to confuse the issue." It is true that the court expressed doubt as to the necessity of filing a bill of exceptions but this observation was based on the fact that the "matters complained of were not matters arising in the progress of the case, but were matters appearing on the face of the record proper." The latter we construe to mean, when taken in connection with the facts hereinabove recited in relation to the amended petition, that the invalidity of the proceeding— the want of jurisdiction—appeared on the face of said petition for

divorce, which was, of course, record proper. So construed and understood, these assignments of conflict must be disallowed.

The next two assignments may be treated together inasmuch as they raise the same point. These assignments complain, respectively, of conflict (1) in holding that an appeal lies from an order overruling a motion to set aside a judgment filed "out of time" (i. e., not within four days after the rendition of the judgment), and not ruled on at the judgment term, and (2) in overruling relator's motion to dismiss said appeal based on such grounds. A line of cases relied on, of which Pence v. K. C. Laundry Service Co., 332 Mo. 930, 59 S. W. (2d) 633, and State ex rel. K. C. Stock Yards Co. v. Trimble, 333 Mo. 51, 62 S. W. (2d) 473, are typical, announce the familiar doctrine that an appeal will not lie from an order overruling a motion for a new trial. But this does not aid relator because there is no suggestion that defendant's appeal, heard and decided by respondents, was from an order overruling a motion for new trial. On the contrary it appears that it was taken from the order overruling her motion to set aside the decree, and this course was proper, as expressly held by this court en banc in State ex rel. Coonley v. Hall, 296 Mo. 201, 246 S. W. 35. The third syllibi (l. c. 202) sufficiently indicates the holding as follows: "A judgment of divorce, made on void process and therefore made without power or jurisdiction of the court to render it, is reviewable on appeal, and an appeal lies from an order overruling a motion filed, at a subsequent term, to have it set aside." [See, also, Harrison v. Slaton (Mo.), 49 S. W. (2d) 31.] There is nothing to the contrary in State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916—the other case relied on by relator. The point of difference between the two cases is that the latter did not involve, as does the case at bar, a judgment void on the face of the record, and this fact makes its holding wholly inapplicable.

No conflict appearing between respondents' opinion and any controlling decision of this court, our writ of certiorari is ordered quashed. All concur.