**54**

**CITY OF MONTGOMERY, Missouri, a Municipal Corporation, Plaintiff-Respondent,**

v.

**George NEWSON et al., Defendants,**

**Herbert H. Bracht, Petitioner-Appellant.**

No. 33861.

St. Louis Court of Appeals,
Missouri.

June 15, 1971.

James G. Gregory, Montgomery City, for petitioner-appellant.

McQuie & Deiter, Montgomery City, for plaintiff-respondent.

Lewis, Rice, Tucker, Allen & Chubb, Daniel P. Reardon, St. Louis, for defendants.

SMITH, Commissioner.

Herbert Bracht appeals from the order of the Circuit Court denying his motion to intervene after judgment in an annexation case.

Plaintiff City brought this action pursuant to Section 71.015, RSMo (V.A.M.S.) seeking a declaratory judgment authorizing annexation of land outside its corporate limits. The action was brought as a class action, as prescribed by the statute, and in the original and first amended petitions Bracht was a named defendant. Bracht was an owner of land situated in part in the area to be annexed but actually resided in Cabool in Texas County. For reasons not entirely clear from the record, Bracht was never served with process, and was not a named defendant in the second amended petition. Service was had on the remaining named defendants. Three class representatives answered the second amended petition and were represented by counsel at the trial on July 9, 1969. On that day following the hearing on plaintiff's second amended petition the court entered its declaratory judgment approving the annexation. The court made a specific finding that: "The Defendants specifically named and who have been served with process and who have voluntarily entered their appearance herein have been fairly chosen and adequately and fairly represent the whole class of landowners whose property lies within the area of land proposed to be annexed; * * *"

On August 6, 1969, Bracht filed his "Motion To Intervene, To Set Aside Judgment, And To Reopen The Evidence", and his answer to the second amended petition.

No hearing was held on that motion until October 8, 1969, at which hearing the city contended the court had lost jurisdiction over the judgment by lapse of time. On October 13, the court overruled without explanation Bracht's motion.

■ We find it unnecessary to explore certain contentions of respondent urged to uphold the order appealed from, such as Bracht's standing to intervene since he is not an "inhabitant" of the area to be annexed, and the question of timeliness of the motion to intervene. We base our decision instead on the loss of jurisdiction over the judgment by the trial court after thirty days from its entry. Supreme Court Rule 75.01, V.A.M.R., provides that "The trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time."

The courts of this state have consistently held that in the absence of a proper and timely after-trial motion the trial court loses the power after thirty days from entry of the judgment to modify, amend, reopen or otherwise control the judgment. See Berry v. Chitwood, Mo., 362 S.W.2d 515[1–4] and cases cited therein. No *timely* after-trial motion as provided in Supreme Court Rule 72.02 was filed here. The trial court had no power here after August 8, 1969, to reopen the judgment and permit the intervention of Bracht. It had lost the power and the jurisdiction to control the judgment.

Appellant seeks to bring this case within the exceptions to the above rule found in Berry v. Chitwood, *supra*, and State ex rel. Aubuchon v. Jones, Mo.App., 389 S.W.2d 854. In Berry v. Chitwood, the parties agreed to a modification of a judgment more than thirty days after its entry. Acknowledging that the parties could not by consent confer jurisdiction upon the court to amend the judgment, the court held the parties could by consent waive the formal allegation and proof of some authorized ground for the court to exercise its jurisdiction to enter the new judgment. Examples would be a nunc pro tunc order or a correction of irregularities patent. That case has no pertinence to this case. No consent was ever made to reopening the judgment and in fact appellant's motion was vigorously opposed by the city on the basis that the court had no power to reopen the judgment.

Nor do we believe the *Jones* case benefits appellant. That litigation also involved an annexation petition. None of the named defendants who represented the class filed answers or otherwise appeared and a default and inquiry was granted. Certain landowners then sought to intervene of right, were permitted to do so and the default was set aside. Some of these intervenors were subsequently stricken as having no interest in the proceedings and the remainder were in default. Another default and inquiry was granted. Before the interlocutory judgment of default was made final another group sought intervention. Their motion was denied. We issued a peremptory writ of mandamus holding that relators had an absolute right to intervene in the annexation proceeding. Appellant contends that since some of the named defendants in this case defaulted he is entitled to intervention under the theory of *Jones*.

*Jones*, however, involved an interlocutory judgment of default which could be set aside, under Supreme Court Rule 74.05, V.A.M.R., at any time prior to the rendering of final judgment. Even where a final default judgment has been rendered it may be set aside by petition for review within three years. Supreme Court Rules 74.12, 74.13, 74.14, V.A.M.R. In *Jones* every named defendant or intervenor representing the class was in default. The entire class was in default because of the default of its representatives.

■ We do not have the same situation here. First of all, on August 9, 1969, the judgment was final, not interlocutory.

Secondly, this was not a judgment by default. Although some of the named defendants were in default, the class was represented by representatives who did appear. The trial court specifically found that the representatives who appeared "adequately and fairly represent the whole class of landowners", which would include appellant. Under such a finding the entire class, and each member thereof, was represented and is bound by the judgment. Supreme Court Rule 52.09(b) (d), V.A.M.R. The provisions for petition for review do not apply to the class members or any of them. If the construction of the class action rule (Supreme Court Rule 52.08, V.A.M.R.) contended for by appellant is correct then no annexation proceeding can become final in less than three years if even one of the named representatives defaults, no matter how vigorously or competently the remaining class representatives may defend.

■ Bracht, impliedly at least, contends ·that having been named as a class representative defendant in the original petition (and first amended petition) he could not subsequently be deleted and the action could not proceed without him. Rule 52.-09(b) specifically provides to the contrary.

As long as the class is adequately and fairly represented by one or more defendants the action may proceed to judgment or decree, despite the lack of service on other named defendants.

■ Appellant's motion, although filed within the thirty-day period, was not acted on by the court within that period. Upon the expiration of the thirty-day period, the judgment became final, the court lost jurisdiction to reopen it, and no case was then pending into which Bracht could intervene. In order to intervene there must be an action pending into which to intervene. Supreme Court Rule 52.11, V.A.M.R., Alamo Credit Corporation v. Smallwood, Mo.App., 459 S.W.2d 731[1–3].

The order denying appellant's motion is affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the order denying appellant's motion is affirmed.

BRADY, P. J., WOLFE, J., and JAMES RUDDY, Special Judge, concur.