PUBLIC WATER SUPPLY DISTRICT NO. 2 OF JOHNSON COUNTY, Missouri, and Edwin Prigel, Plaintiffs–Respondents,

v.

Wendell DAVIS, Defendant–Respondent,

and

Allan Pinson, Aubrey Van Meter, Whitman Hanes, and Charles McKay, Applicants for Intervention, Appellants.

No. WD 31293.

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

C. B. Fitzgerald, Fitzgerald & Fitzgerald, Warrensburg, for appellants.

Fred J. Wilkins, Bruce G. Heavner, Stephen B. Millin, Jr., Heavner, Wilkins, Jarrett & Kimball, P. C., Kansas City, for respondents.

Before WASSERSTROM, C. J., Presiding, and DIXON and SOMERVILLE, JJ.

WASSERSTROM, Chief Judge.

The movants for intervention in a bond election contest appeal from the denial of their motion. We affirm.

Public Water Supply District No. 2 of Johnson County, Missouri, called for an election on a proposition to issue bonds. At the conclusion of the election, the judges and clerks certified that the proposition had passed with the necessary two–thirds majority of 626 favorable votes and 313 negative votes. However, the Verification Board found discrepancies on the basis of which it certified that the proposition failed on a vote of 625 in favor and 314 against.

Thereupon the District and the president of its board of directors, in his capacity as a voter of the District, filed suit in the circuit court for a recount. After holding a hearing, the circuit court ordered a recount in two precincts. Upon recount, the recount judges certified the proposition passed by a vote of 624 to 312. The trial court on the basis of that report entered an order on August 21, 1979, decreeing that the bond election submitted on the bond proposition had passed with a two–thirds majority vote.

On September 19, 1979, movants filed their Motion to Intervene and attached thereto their proposed Petition in Intervention. That motion came on for hearing before the trial judge on October 1, 1979. The District objected to the requested intervention on the grounds that more than 30 days had expired since the date of the court's order and that under Rule 75.01 the court no longer had any jurisdiction to open or change the order. The court accepted that argument and therefore overruled the Motion to Intervene.

In this court the movants make the following contentions: (1) that the trial court did have jurisdiction to act upon the Motion to Intervene because the motion was filed within 30 days of the judgment; or, alternatively, (2) that the trial court should have considered the Motion to Intervene as a petition for an additional contest of the election.

■ *City of Montgomery v. Newson*, 469 S.W.2d 54, 56 (Mo.App.1971) rules movants'

first contention against them. In *Newson*, a city sought declaratory judgment authorizing an annexation. On July 9, 1969, the court entered judgment approving the annexation. On August 6, a landowner filed a motion to intervene, to set aside judgment, and to reopen the evidence. No hearing was held on that motion until October 8, 1969. The city contended that the court had lost jurisdiction by lapse of time, and the court proceeded to overrule the motion to intervene. On appeal that ruling was affirmed on the following reasoning:

> "Appellant's motion, although filed within the thirty–day period, was not acted on by the court within that period. Upon the expiration of the thirty–day period, the judgment became final, the court lost jurisdiction to reopen it, and no case was then pending into which Bracht could intervene. In order to intervene there must be an action pending into which to intervene."

So it is here. *See also, Halmich v. McCullough*, 534 S.W.2d 842 (Mo.App.1976). On this point movants cite *City of Bridgeton v. Norfolk & W. Ry. Co.*, 535 S.W.2d 99 (Mo. banc 1976), but in that case the point here in question was not raised or ruled.

■ Nor can movants' alternative contention be accepted. Their motion was presented in the trial court purely as a question of intervention. No claim was made nor any argument presented that their application should be considered in the nature of an additional petition for an election contest. It is well settled that an appellant cannot change theory on appeal and attempt to convict the trial court of error with respect to a contention which was never made there. *Ahlgren v. Colvin–Weber Realty & Invest. Co., Inc.*, 507 S.W.2d 686 (Mo.App.1974).

Affirmed.

All concur.