**SIDWELL CONSTRUCTION COMPANY,**
Plaintiff-Appellant,

v.

**DISTRICT 837 AEROSPACE WORKERS CREDIT UNION,**
Defendant-Respondent.

Nos. 46480, 47183.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 1, 1983.

---

Allen I. Harris, St. Louis, for plaintiff-appellant.

Joel Case, Manchester, for defendant-respondent.

SIMON, Judge.

Sidwell Construction Company, formerly Sidwell & Reed Construction Company (Sidwell), appeals from an order of the Circuit Court of St. Louis County sustaining District 837 Aerospace Workers Credit Union's motion to dismiss. The motion contends that the contract, the subject matter of the action, is "illegal, void and in violation of the public policy of the State of Missouri." We need not address the merits of the appeal. Instead, we dismiss the appeal for failure of Sidwell to comply with Supreme Court Rule 81.04(a) or 81.07(a).

The motion to dismiss was sustained by the trial court on July 20, 1982. This dismissal was with prejudice, Rule 67.03, thereby igniting the final judgment provisions in Rule 81.05(a). Sidwell's motion for new trial was filed on July 30, 1982, well within the fifteen day period. Rule 78.04. On October 27, 1982, the trial court overruled Sidwell's motion for new trial. Thus, the judgment became final on this date. Rule 81.05(a). Sidwell's Notice of Appeal was filed on November 10, 1982, making it untimely. Rule 81.04(a). On April 28, 1983, Sidwell, pursuant to Rule 81.07(a), requested from this court permission to file an untimely Notice of Appeal. Permission was granted which we now determine was improvidently granted.

Sidwell's Notice of Appeal was not within ten days of the ruling of the motion for new trial as required by Rule 81.04(a). This being the case, Sidwell had to seek permission to file a late Notice of Appeal. This motion must be filed with the appellate court "within six months from the date of final judgment." Rule 81.07(a). "Month," if not specifically defined, means calendar month. Section 1.020(6) RSMo 1978. The computation of time guidelines are set forth in Rule 44.01(a) which provides "[i]n computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included."

Our research has failed to uncover any cases addressing the specific issue raised. However, we conclude the six month time period to have begun on October 28, 1982, the day after the trial court overruled the motion for new trial, making its judgment final. Rule 81.05(a). Six calendar months, beginning on October 28, 1982, logically ends on April 27, 1983. For example, a calendar year beginning October 28 of a year would end on October 27 of the following year. Including the following October 28 would erroneously transform a calendar year into a calendar year and a day. This logic is equally applicable to calendar months. For a discussion as to time periods concerning statutes of limitation in conjunction with § 1.040 RSMo 1978, a statute

similar to Rule 44.01(a), *see, Nolan v. Kolar,* 629 S.W.2d 661, 663–64 (Mo.App.1982); and the cases cited therein. Accordingly, the motion filed on April 28 was untimely.

Sidwell contends that the parties did not receive notice of the court's overruling of the motion for new trial [as required by Rule 74.78] and, therefore, the ruling was void. Therefore, the overruling of the motion for new trial occurred on October 28, 1982, ninety days after the motion was filed, pursuant to Rule 78.06. The contention is without merit. Rule 74.78 provides "[i]f such notice is not given, said order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment." The six month period ended also on April 27, 1983, the last day on which a request for permission to file an untimely Notice of Appeal should have been filed. Sidwell's motion was to be filed within six months, but was filed a day later. Since Sidwell's motion to file an untimely appeal was itself untimely, we are constrained to dismiss the appeal.

Appeal dismissed.

CRIST, P.J., and PUDLOWSKI, J., concur.