**PEOPLE of the State of Missouri, Plaintiff-Respondent,**

v.

**Francis Joseph GOLLA, Pro Se, Defendant-Appellant.**

**No. 50574.**

Missouri Court of Appeals, Eastern District, Division Three.

May 20, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1986.

Application to Transfer Denied Sept. 16, 1986.

Francis Joseph Golla, pro se.

David K. Dowling, Montgomery City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant appeals judgment of bond forfeiture in the amount of $57.50. The state filed no respondent's brief. It filed a mo-

tion to dismiss the appeal on grounds that the legal file is not in accordance with Rule 30.04(d) and Rule 81.12(a), and that appellant's brief fails to comply with Rules 30.-04, 30.06 and 84.04 et seq. The motion also complains that the pro se appellant's brief seeks review of many matters which were not judicially decided by the trial court in declaring and ordering a judgment of bond forfeiture. Respondent concludes that it is not possible to file a respondent's brief and moves this court for dismissal. Without addressing the merits of the motion to dismiss and because of our view that the issues on appeal are simple and easily decided, we overrule the state's motion to dismiss the appeal and affirm the judgment under Rule 84.16(b).

The judgment of bond forfeiture will serve the purpose of setting forth the necessary facts and framing the issues necessary to our decision. On August 1, 1985, the court entered judgment as follows:

## JUDGMENT OF BOND FORFEITURE

NOW ON THIS August 1, 1985 (on Motion of the Prosecuting Attorney) the Court takes up the matter of the forfeiture of the bond filed in this case.

THE COURT FINDS AS FOLLOWS:

(1) That the defendant herein was arrested on May 26, 1985, for the offense of exceeding the speed limit in violation of 304.010 RSMo.

(2) That in order to obtain release from custody, the defendant entered into a bond in the amount of $57.50.

(3) That one of the conditions of said bond was that defendant appear on June 13, 1985 at 10 a.m. and on such other dates as required by the Court.

(4) That the defendant breached the condition set forth above by failing to appear for trial on July 19, 1985 at 10 a.m.

(5) On July 19, 1985 a forfeiture of said bond was declared by the Court based on defendant's failure to comply with the conditions of said bond.

(6) That the defendant was notified to appear on August 1, 1985 at 10 a.m. to show cause why the forfeiture should be set aside, and that the defendant failed to show cause why the forfeiture should be set aside.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the bond in this case be forfeited in the amount of $57.50 as provided by law, and that execution may issue therefor.

■■■ The order of forfeiture is authorized by § 544.640 RSMo 1978 and Rule 33.14. The rule grants authority to declare a forfeiture "If there is a breach of condition of a bond." After declaration the court shall on motion enter a judgment of default and execution may issue. By entering into a bond the obligors submit to the jurisdiction of the court in which the defendant is required to appear and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. A judgment pursuant to the rule is "civil in nature and considered an action to enforce the contract provision of the bond." *State v. Foster,* 512 S.W.2d 448, 449 (Mo.App.1974). Bail bond forfeiture and judgment thereon against surety is a civil action to enforce the surety's contract with the state, and its determination must rest upon the principles of law applicable to actions on contracts. We review this appeal from a judgment of bond forfeiture on the same standard as any court-tried civil judgment. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

The operative provision of defendant's bail bond reads as follows:

NOW, THEREFORE, if the said defendant shall *personally appear* in this Court to answer to said charge [speed 71 mph-passenger] at the Courthouse in the City of Montgomery, Montgomery County, State of Missouri, on: June 13, 1985 at 10 a.m. not thence to depart without leave and shall be & appear in this Court from time to time thereafter as required by the Court and throughout the pendency of this action, for trial and other proceedings herein, including the rendition

of final Judgment and Sentence and process of the Court herein (and shall likewise *personally* be and appear in and before any other Court, or division of any Court, subsequently having jurisdiction of this cause upon change of venue, and shall continue to be and appear in said Court, or division, from time to time as required by the Court, and shall abide and submit himself to the Orders, Judgment, Sentence and process of said Court or division), then, in such event, this bond shall be null, void and of no affect. (our emphasis)

Defendant never appeared personally before the trial court. On the original return date of the traffic citation a continuance was granted to defendant on the request of a local attorney to allow defendant time to obtain counsel. Defendant filed numerous motions, one of which was to quash, strike or dismiss the charge for want of jurisdiction. Another requested a change of venue. The charge was continued from June 12, 1985 to June 27, 1985, and defendant was advised of the new date by letter. The court notified defendant of a hearing on his motions on July 2, 1985. On July 2, 1985, the state appeared by the prosecuting attorney and the defendant did not appear. On that day, the trial court overruled defendant's motions, entered a plea of not guilty, and set the case for trial on July 19, 1985. The state appeared and announced ready for trial, but defendant did not appear on July 19, 1985. As a result, the court ordered a bond forfeiture, and on motion of the prosecuting attorney, set a hearing for judgment on the bond on August 1, 1985. On that day, defendant did not appear and the judgment now on appeal was entered.

■ Questions of jurisdiction and procedure and due process are all resolved by the facts, and reference to § 544.640 RSMo and Rule 33.14. The procedure followed by the trial court was exactly as authorized except that prior to entry of judgment on the state's motion actual notice of the setting date of August 1, 1985 was sent to defendant. The only fact issues determined by the trial court were that the defendant posted a bond in the amount of $57.50; that he agreed as a condition of the bond that he would *personally* appear throughout the pendency of the action for trial and all other proceedings; that the case was set for trial on July 19, 1985, and that defendant did not appear on that day. The trial court concluded as a matter of law on these undisputed facts that the defendant violated a condition of the bond, and as a matter of fact that no cause had been shown to set aside the forfeiture declared on July 19, 1985. On these findings and conclusions the court entered judgment that the bond be forfeited in the amount posted.

■ We find no error of fact or law and affirm under Rule 84.16(b). We find it not necessary to discuss in detail the fifteen claimed errors. Defendant appears pro se. He is a licensed attorney in the State of Illinois. The brief filed does not comply with our Rule 84.04. There is no concise statement of facts nor do the fifteen points relied on state briefly and consisely what actions or rulings of the trial court are sought to be reviewed, and wherein and why they are claimed to be erroneous. Some contest the validity of the underlying traffic citation, the arrest, matters of probable cause, unreasonable seizure of defendant, failure to state a cause of action, impossibility of proof of a charge of 71 miles an hours in a 70 mile speed zone. (The information is 71 miles an hour in a 55 mile zone). Some claim error for denial of a change of venue, refusal of the court to accept "substituted" appearance in place of personal appearance; failure to appoint counsel; failure to consider defendant's pre-trial motions as self-proving; failure of the trial court to disqualify itself because defendant had filed a complaint about these proceedings with the State Supreme Court. Finally, defendant claims on Missouri constitutional grounds that personal appearance on the traffic charge was not required. It is sufficient to observe that defendant was given an opportunity and notice to appear to

present support for pre-trial motions, but neither appeared nor was there any evidence to support the motions. Accordingly, the trial court with jurisdiction over the person and subject matter overruled the motions, set the charge for a jury trial, and notified defendant to be present and ready for trial. Other claims of error depend upon facts that were not proven and are not contained in the record. The fact that letters of defendant addressed to the Supreme Court and others may have been prepared and mailed does not make them a proper part of the record by which we review the proceedings before the trial court.

We review the record presented at the trial court and measure the judgment by claims of error under Rule 73.01. Other claims of error are not relevant to the bond forfeiture judgment before us. There has been no trial on the traffic citation charge and there has been no determination with regard to matters of arrest, seizure, probable cause, adequacy of charge, change of venue on the criminal charge, failure to appoint an attorney to defend the criminal charge. All of these matters are undecided in the trial court and are not matters of error on appeal where the judgment was only a judgment on the motion for bond forfeiture.

■ One other claim of error deserves some comment. Defendant contends that it was error by the trial court to force defendant to appear from time to time during the proceedings. This he claims was periodic imprisonment. We find this contention frivolous, primarily, because the defendant agreed to personally appear from time to time. The court did not force him to enter into a bond on that condition. As a convenience, that was the contract. Secondly, § 544.455, Laws 1978, effective January 2, 1979, authorizes the trial court to set the conditions of bail bonds. The requirement that a defendant personally appear is a recognized and reasonable condition of bail.

Defendant appellant's contentions of error, as we are able to understand them, are denied. No error of fact or law appearing, the judgment on state's motion for judgment of bond forfeiture is affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.