**STATE of Missouri, Plaintiff,**

**v.**

**Ted Louis VERTNER, Defendant,**

**American Bankers Insurance Company, Defendant–Appellant.**

**No. 16063.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 10, 1989.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 1, 1989.

Application to Transfer Denied
Dec. 12, 1989.

No appearance for plaintiff.

Steven J. Hancock, Wood & Associates, Springfield, for defendant-appellant American Bankers Ins. Co.

MAUS, Judge.

In this appeal, American Bankers Insurance Company (American Bankers) attacks a judgment rendered against it in the Asso-

ciate Division of the Circuit Court of Phelps County. The judgment was for $20,000.00 against American Bankers as surety upon the bond of Ted Louis Vertner. The record on appeal consists of the legal file. The following is a summary of the relevant facts shown by that record.

A complaint, filed in the Associate Division of Phelps County, alleged Vertner committed four felonies. His bond was fixed at $20,000.00. He posted bond in that division with American Bankers as surety. On July 20, 1988, Vertner failed to appear for his preliminary hearing. The court then made the following entry. "Defendant defaults and does not appear. Bond is forfeited and Clerk is directed to notify obligors on said bond to appear at 9:00 A.M. on *8–2, 1988* to show cause, if any exists, why said forfeiture should be set aside."

Vertner and American Bankers were notified of the default and order of forfeiture. They were further advised unless they appeared on August 2, 1988, to "show cause to the contrary, judgment will be entered against you for the full amount of said bond ...." On August 2, 1988, no one appeared. Judgment was entered against Vertner and American Bankers for $20,-000.00.

On August 11, 1988, a pleading was filed, the style of which was "State of Missouri, Plaintiff, vs. Ted Louis Vertner, Defendant, C & M Bail Bonds, Inc., Intervenor." The caption of the pleading was "Motion to Set Aside Judgment." The opening paragraph read:

"COMES NOW Intervenor, C & M Bail Bonds, Inc., by and through counsel, Steven J. Hancock, and states, alleges and avers to the Court as follows:

1. That the Intervenor provided a surety bond in the amount of $20,000 to the Court in the matter noted above with said Surety being Marilyn Ice, agent for American Bankers Insurance Company, Post Office Box E, Houston, Missouri."

The motion recited the facts of the forfeiture, notice to the obligors and entry of the judgment. It further alleged that on July 26, 1988, Vertner was incarcerated in Indiana and by reason of § 374.770 the judgment should be set aside. Intervenor prayed for that relief.

That motion was set for hearing on September 7, 1988. A docket entry of that date reads as follows: "Steven J. Hancock, enters appearance as attorney for American Bankers Insurance Co. Motion of C. & M. Bail Bonds, Inc. called and overruled for the reason that C. & M. Bail Bonds, Inc. is not a proper party in this cause. B.B.T." The Notice of Appeal recites: "Notice is hereby given that the Intervenor, American Bankers Insurance Company, hereby appeals ... from the overruling of Motion to Set Aside Judgment entered against them ...."

The following is American Bankers' first point on appeal. "The court was without jurisdiction, original or otherwise, to hear and determine the action on bond forfeiture because the amount of the bond was above the amount which can be adjudicated in Associate Circuit Court pursuant to constitutional and statutory authority."

■ Of course, if the circuit court, associate division, had no subject matter jurisdiction, the judgment is void. *State v. Anderson,* 413 S.W.2d 161 (Mo.1967). It has been held that a defendant may appeal from an order denying a motion to set aside a judgment because of errors on the face of the record which render that judgment void. *State ex rel. Higginbotham v. Hughes,* 348 Mo. 1073, 156 S.W.2d 650 (banc 1941). This is true even though that motion has been filed after the time has expired for the filing of a motion for a new trial. *State ex rel. Higginbotham,* supra; *Boone v. Ledbetter,* 240 Mo.App. 368, 200 S.W.2d 601 (1947). American Bankers presents this point as if it initially filed the "Motion to Set Aside Judgment". By its brief it asserts that it appeared on that motion on September 7, 1988. The docket shows American Bankers did enter an appearance on that day. For the purpose of following the cases cited and determining if the judgment is void, it is assumed that American Bankers did on September 7, 1988, adopt the motion to set aside the judgment.

To support its first point, American Bankers asserts that the enforcement of Vertner's bond against the surety is a civil action, citing *People v. Golla*, 714 S.W.2d 606 (Mo.App.1986), and relies upon § 478.225.2 (1). In general, that subsection provides that an associate circuit judge may hear and determine civil actions and proceedings when the sum demanded, exclusive of interest and costs, does not exceed $15,000.00.

In contending these limitations establish its first point, American Bankers ignores the rules and statutes governing the procedure for the enforcement of bail bonds. Section 544.330 (substantially the same as § 3865 RSMo 1939) provides:

"If the person recognized does not appear before the associate circuit judge according to the condition of such recognizance, the associate circuit judge shall record the default, but such default may be set aside by the associate circuit judge on the appearance of the prisoner, and for good cause shown, at any time to which the examination may be continued by said associate circuit judge; and in case such default be not set aside, as aforesaid, the associate circuit judge shall certify the recognizance, with a record of such default, to the court having cognizance of the offense charged against the person so recognized, and the like proceedings shall be had thereon as upon breach of condition of a recognizance for appearance before said court."

Section 544.640 (substantially the same as § 3973 RSMo 1939) provides:

"If, without sufficient cause or excuse, the defendant fails to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited, and the same shall be proceeded upon by scire facias to final judgment and execution thereon, although the defendant may be afterward arrested on the original charge, unless remitted by the court for cause shown."

Former Rule 32.12 provided a procedure for the enforcement of bail bonds. In all relevant respects, the procedure prescribed by former Rule 32.12 is the same as the procedure prescribed by present Rule 33.-14.

"If there is a breach of a condition of a bond, the court in which the criminal case is pending may declare a forfeiture of the bond. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture. When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. By entering into a bond the obligors submit to the jurisdiction of the court in which the defendant is required to appear and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the hearing as the court prescribes may be served on the clerk of the court, who shall forthwith mail a copy to each of the obligors."

Rule 33.14. The significance of Rule 32.12 was noted at an early date. "An independent suit is no longer necessary to enforce liability on a bond filed in a criminal case (see Supreme Court Rule 32.12, 42 V.A.M. S.), but such suits are not prohibited by the rule." *State v. Haverstick*, 326 S.W.2d 92, 95 (Mo.1959). The alternate availability of the procedure prescribed by Rule 32.12 (now Rule 33.14) or § 544.640 has been recognized in *State v. Virgilito*, 377 S.W.2d 361 (Mo.1964); *People v. Golla*, supra; and *State v. Allied Fidelity Ins. Co.*, 719 S.W.2d 507 (Mo.App.1986). However, it has been declared: "While Criminal Rule 32.12 *should be followed* the rule does not prohibit the instant procedure, indeed, does not prohibit an independent suit to enforce liability on a bond filed in a criminal case." *State v. Hammond*, 426 S.W.2d 84, 86 (Mo. 1968) (emphasis added).

The applicability of Rule 32.12 to the magistrate court has been considered. In *State v. Anderson,* supra, at 163, it was held that Rule 32.12 did not authorize the entry of a judgment in the magistrate court against the obligors upon a bond for a defendant's appearance at a preliminary hearing. The basis for that holding was explained as follows.

"We also note that the motions in the magistrate court state, as their basis, Criminal Rule 32.12, V.A.M.R. That rule does appear to authorize the court in which the default occurs to enter judgment upon the security given for the appearance of the defendant. However, that rule cannot enlarge the jurisdiction of the magistrate court, which must depend upon legislative enactment. § 20, Art. V, Const. of Mo. 1945, V.A.M.S."

Nonetheless, *State v. Anderson,* supra, and § 478.225.2(1) do not establish that the judgment against American Bankers and Vertner entered by the associate circuit judge was void or unauthorized. Article V of the Constitution of Missouri was substantially rewritten by amendment adopted in 1976, effective January 2, 1979.

"The 1976 amendments to the judicial article create a three tier court system consisting of the Supreme Court, Courts of Appeals, and the Circuit Courts. Mo. Const. art. V, § 1 (1945, as amended 1976). Probate, magistrate and municipal courts are abolished as separate entities and incorporated into the circuit system as divisions of the circuit courts. Mo. Const. art. V, § 27.2(a), (b) (1945, as amended 1976). The constitutional amendments did not fashion associate circuit courts. Instead, the former magistrates were enveloped into the circuit system as associate circuit judges to be assigned to particular divisions of the circuit court. Therefore, when the constitution refers to the authority of the presiding judge over the circuit court and its *divisions,* it is unequivocally referring to tribunals of the associate circuit judges."

*Gregory v. Corrigan,* 685 S.W.2d 840, 842 (Mo. banc 1985) (emphasis in original). Other than municipal courts, there is now one court of original trial jurisdiction and that is the circuit court. *Ploudre v. Ploudre,* 676 S.W.2d 296 (Mo.App.1984).

Section 478.220 provided that "[c]ircuit judges may hear and determine all cases and matters within the jurisdiction of their circuit courts" subject to two restrictions not applicable.[1] Section 17 of amended Article V provides, in part: "Associate circuit judges may hear and determine all cases, civil or criminal and all other matters as now provided by law for magistrate or probate judges and may be assigned such additional cases or classes of cases as may be provided by law." Section 478.225 in general prescribed the cases that may be heard and determined by associate circuit judges. This section, of course, includes the subsection relied upon by American Bankers. Standing alone, subsection 478.225.2(1) provides that in the absence of assignment under § 478.240, § 478.245, § 517.081 or Article V of the Constitution of Missouri an associate circuit judge may not hear and determine a civil action or proceedings when the sum demanded, exclusive of interest and costs, exceeds $15,000.00.

However, § 478.225.3 provides: "An associate circuit judge may hear and determine such additional cases or classes of cases that are assigned to the associate circuit judge pursuant to section 478.240, 478.245, or 517.081, RSMo, or *article V of the Missouri Constitution.*" (emphasis added.)

Section 5 of Article V, as amended in 1976, in part provides:

"The supreme court may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law. The rules shall not change

---

1. It must be noted that effective August 28, 1989, that portion of § 478.220 was amended to read "[c]ircuit judges *and associate circuit judges* may hear and determine all cases and matters within the jurisdiction of their circuit courts, ...." § 478.220, S.B. 127, L.Mo.1989, p. ——. (emphasis added).

substantive rights, or the law relating to evidence; the oral examination of witnesses, juries, the right of trial by jury, or the right of appeal."

The provisions of Rule 33.14, which in general prescribe the procedure for the enforcement of bail bonds, have been noted. That rule became effective January 1, 1980. Insofar as that rule applies to the facts of this case, it assigns an additional class of cases to be heard and determined by associate circuit judges. *Lansing v. Lansing,* 736 S.W.2d 554 (Mo.App.1987); *In re Marriage of Bruske,* 656 S.W.2d 288 (Mo.App. 1983). The assignment of judges or the assignment of a class of cases to be heard by associate circuit judges, is recognized to be matter of procedure. *City of Kansas City v. Rule,* 673 S.W.2d 21 (Mo. banc 1984). This principle is applicable to a change of venue.

"Where such a rule adopted by this court under the express authority of the constitution is inconsistent with a statute and has not been annulled or amended by later enactment of the legislature, the rule supersedes that statute. ... The rules which permit change of venue and transfer of cases thereunder are procedural. They do not create, destroy or modify anyone's primary rights."

*State ex rel. Peabody Coal Co. v. Powell,* 574 S.W.2d 423, 426 (Mo. banc 1978) (citations omitted). Also see *State ex rel. Helms v. Moore,* 694 S.W.2d 502 (Mo.App. 1985), dealing with assignment of a judge upon the disqualification of a circuit judge in a circuit which has four circuit judges or less. Cf. *Glasby v. State,* 739 S.W.2d 769 (Mo.App.1987), dealing with jurisdiction over a person between 17 and 21 years of age.

■ In *State v. Virgilito,* supra, 377 S.W.2d at 366, the sufficiency of the notice prescribed by Rule 32.12, as distinguished from issuance and service of a writ of scire facias as prescribed by § 544.640, was challenged. In holding that the provisions of Rule 32.12 did not alter the substantive rights of a surety, the court said:

"But appellant is not only barred from making the contention that Rule 32.12 changes substantive rights for the first time on appeal in its reply brief, but it seems clear enough, in any event, that the rule in question, at least in so far as it applies to the present fact situation, deals solely with procedural matters."

The applicability of Rule 33.14 to provide an associate circuit judge may hear and determine the procedure prescribed by that rule for the enforcement of a bail bond, irrespective of the amount involved, is likewise procedural. That rule has the force and effect of law. By virtue of § 478.225.3 and Article V, § 17, it is, within the meaning of Article V, § 17, an assignment of "such additional cases or classes of cases as may be provided by law" to be heard by associate circuit judges. The Associate Circuit Judge of Phelps County was authorized to enter the judgment for $20,000.00 against Vertner and American Bankers. American Bankers' first point has no merit.

American Bankers also argues the trial court erred in not setting aside the judgment because of the applicability of § 374.770 and other irregularities. The applicability of § 374.770 to the facts of this case need not be considered. The judgment in this case was entered on August 2, 1988. American Bankers first appeared on September 7, 1988. The judgment became final 30 days after it was entered, unless that finality was postponed by a timely authorized after-trial motion. Rule 81.05. For the purpose of this opinion, it may be assumed that a motion to set aside a judgment, such as the one filed in this case, could be an authorized after-trial motion within the meaning of that rule. However, an authorized after-trial motion must be filed by a party.

■ As noted, the motion to set aside was filed by C & M Bail Bonds, Inc., Intervenor. C & M Bail Bonds, Inc., was not a party. *Nemeth v. Nemeth,* 765 S.W.2d 384 (Mo.App.1989). It had no status to file the motion to set aside. *Schneider v. Sunset Pools of St. Louis, Inc.,* 700 S.W.2d 137 (Mo.App.1985). The controlling principles have been succinctly and accurately stated by the late Judge A. P. Stone, in his usual comprehensive and scholarly fashion. "No motion to intervene having been served, heard or ruled at that time, obviously the corporation could not have lifted itself into

the condemnation proceeding or have attained the status of an intervening party therein by the simple expedient of depositing an unauthorized answer in the clerk's office." *Ozark County School District R–V of Ozark County v. Lay*, 358 S.W.2d 77, 79 (Mo.App.1962).

The judgment of August 2, 1988, was final before American Bankers appeared. The remainder of the points argued by American Bankers are barred by the finality of that judgment. *Public Water Supply Dist. No. 2 v. Davis*, 607 S.W.2d 835 (Mo.App.1980).

■ Moreover, no "appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." Rule 81.04(a). The notice of appeal filed by American Bankers on September 19, 1988, was not timely. *Union Elec. Co. v. City of St. Louis*, 636 S.W.2d 75 (Mo. App.1982). The appeal is dismissed. *Sidwell Const. Co. v. Dist. 837 Aero. Workers*, 660 S.W.2d 753 (Mo.App.1983).

FLANIGAN, P.J., and HOGAN, J., concur.