Dear Commissioner Bartman:
This opinion is in response to your questions asking:
 1. In a first or second class county or in a third or fourth class county whose Board of Education has adopted written compliance with Section 302.272, RSMo Supp. 1988, does Section 167.242, RSMo Supp. 1988 exempt an individual transporting four or fewer students in a privately owned vehicle from being licensed as a school bus operator or as a chauffeur while under contract with a public school or the State Board of Education?
 2. Does compensation for transportation service alter the answer to question number 1?
 3. In reference to question number 1, would a public school district employee's contract be considered as a "contract to transport"?
 4. If the vehicle in question number 1 is owned by a public school district, would the vehicle be considered a school bus and does the operator need a school bus operator's permit or chauffeur's license?
Section 167.242, RSMo Supp. 1988 provides:
 167.242. Chauffeur's license not required to transport pupils, when. — No person operating a private automobile transporting four or fewer students to or from school in accordance with subsection 1 of section 304.060, RSMo, shall be required to be licensed as a chauffeur or a school bus operator while under contract to transport.
A copy of Section 302.272, RSMo Supp. 1988 is attached hereto as Appendix I.
QUESTION 1
 1. In a first or second class county or in a third or fourth class county whose Board of Education has adopted written compliance with Section 302.272, RSMo Supp. 1988, does Section 167.242, RSMo Supp. 1988 exempt an individual transporting four or fewer students in a privately owned vehicle from being licensed as a school bus operator or as a chauffeur while under contract with a public school or the State Board of Education?
Subsection (15) of Section 302.010, RSMo Supp. 1988 defines "school bus" for purposes of Sections 302.010 to 302.540 as follows:
 302.010. Definitions. — When used in sections 302.010 to 302.540 the following words and phrases mean:
* * *
 (15) The term "school bus", when used in sections 302.010 to 302.340, means any motor vehicle, either publicly or privately owned, used to transport students to and from school, or to transport pupils properly chaperoned to and from any place within the state for educational purposes. The term "school bus" shall not include a bus operated by a public utility, municipal corporation or common carrier authorized to conduct local or interstate transportation of passengers when such bus is not traveling a specific school bus route but is:
 (a) On a regularly scheduled route for the transportation of fare paying passengers; or
 (b) Furnishing charter service for the transportation of persons enrolled as students on field trips or other special trips or in connection with other special events;
If the vehicle is a school bus under subsection (15) of Section302.010, the operator must have a permit as required by Section302.272.1, which provides:
 1. No person shall operate any school bus owned by or under contract with a public school or the state board of education unless such driver has qualified for a school bus operator's permit under this section and complied with the pertinent rules and regulations of the department of revenue. A school bus operator's permit shall be issued to any applicant who meets the following qualifications: . . .
If the vehicle is not a school bus, the operator must still have a school bus operator's permit since Section 302.272 is made applicable to non-school bus vehicles by the second sentence of Section 304.060.1, RSMo Supp. 1988, which second sentence provides:
 The state board of education may adopt rules and regulations governing the use of other vehicles owned by a district or operated under contract with any school district in this state and used for the purpose of transporting school children, but except for common carriers, such other vehicles shall not transport more than four school children at any one time and the operator shall be licensed in accordance with section 302.272, RSMo.
A copy of Section 304.060 is attached hereto as Appendix II.
If the vehicle being used is a privately owned automobile, regardless of whether it is a "school bus" within the meaning of Section 302.010(15) and despite the second sentence of Section304.060.1, the person operating it is exempt by Section 167.242 from having to be licensed as a chauffeur or as a school bus operator if the other requirements of Section 167.242 are met.
 No person operating a private automobile transporting four or fewer students to or from school in accordance with subsection 1 of section 304.060, RSMo, shall be required to be licensed as a chauffeur or a school bus operator while under contract to transport. Section 167.242, RSMo Supp. 1988.
However, the operator must comply with any other requirements set forth in the administrative rules of the Department of Elementary and Secondary Education promulgated pursuant to Section 304.060.1.
One of the problems with the exception provided by Section 167.242 is that the term "private automobile" is not defined or described. For instance, does "private automobile" include station wagons, pickup trucks, conversion vans, campers or other recreational vehicles. Since Section 167.242 is an exception to the provisions of Section 304.060.1 and since the latter section grants the State Board of Education the authority to promulgate administrative rules concerning these matters, it is most appropriate for the definition of that term to be supplied by those rules. State ex rel. Smithco Transport Company v. PublicService Commission, 377 S.W.2d 361, 377 (K.C. Ct.App. 1957), and State ex rel. Kirkpatrick v. Board of ElectionCommissioners of St. Louis County, 686 S.W.2d 888, 895 (Mo.App. 1985).
QUESTION 2
 2. Does compensation for transportation service alter the answer to question number 1?
Compensation as such is not a requirement. Section 167.242 requires only that there exist a "contract" to transport to which the operator is a party. Therefore, all the legal requirements for a contract must be met.
QUESTION 3
 3. In reference to question number 1, would a public school district employee's contract be considered as a "contract to transport"?
We understand this question to refer to employment contracts of school administrators and teachers which do not contain an express reference to that employee having a duty to transport school children. The usual examples given us illustrating the problem include athletic coaches driving students to school athletic events or teachers taking students to or from field trips or other school related activities.
There is no statutory definition of the phrase "under contract to transport." The plain meaning of those words is a contract whose purpose is to provide transportation for school children. Ordinarily, this would be one which has an express reference to transporting school children although the contract need not be exclusively or even primarily for that purpose.
In support of this interpretation, it is significant that a closely related statute, Section 304.060, RSMo Supp. 1988, utilizes the phrase "under contract" to refer to transportation contracts on school buses and other vehicles used to transport school children:
 The state board of education shall adopt and enforce regulations not inconsistent with law to cover the design and operation of all school buses used for the transportation of school children when owned and operated by any school district or privately owned and operated under contract with any school district in this state, and such regulations shall be reference be made a part of any such contract with a school district. The state board of education may adopt rules and regulations governing the use of other vehicles owned by a district or operated under contract with any school district in this state and used for the purpose of transporting school children, but except for common carriers, such other vehicles shall not transport more than four school children at any one time and the operator shall be licensed in accordance with section 302.272, RSMo. . . . [Emphasis added.] Section 304.060.1, RSMo Supp. 1988.
However, in the fourth sentence of that same subsection, the legislature indicates its intent to refer to employment contracts by means of express language:
 Every school district, its officers and employees, and every person employed under contract by a school district shall be subject to such regulations. [Emphasis added.]
This demonstrates that when the legislature intends to refer to employment contracts in the context of operating transportation vehicles for school children, it does so explicitly.
Other factors tending to support the conclusion that the phrase "under contract to transport" includes only contracts which have transportation of students as an express provision therein are found in the legislative history of Section 167.242 and the purpose behind Senate Bill No. 114, 84th General Assembly, First Regular Session (1987), in which Section 167.242 and other relevant sections were amended. The amendment changed Section 167.242 as follows with omitted material in brackets and new material underlined:
 No person operating a private automobile transporting four or fewer students to or from school in accordance with section 304.060(1), RSMo, shall be required to be licensed as a chauffeur or a school bus operator [to transport his or her child, stepchild or ward to or from school] while under contract to transport. Section 167.242, RSMo Supp. 1988 (Laws of Missouri, 1987, page 724 at 725).
As originally enacted in 1977 by House Bill No. 130, 79th General Assembly, First Regular Session (Laws of Missouri, 1977, page 331 at 353), Section 167.242 was intended to provide for those situations in which a school district could not provide free transportation to a handicapped child to get to school because the district did not have the requisite equipment on its school buses to accommodate the child. Normally, the parent or guardian did have a properly equipped motor vehicle so the district would contract with them to transport the child. As originally enacted, Section 167.242 exempted those parents or guardians from having to get a chauffeur's license.
In view of this, the use of the term "under contract to transport" in the original Section 167.242 clearly referred to contracts with an express provision for transportation. The retention of this phrase after the 1987 amendment tends to show that the legislature meant to keep that same meaning.
Furthermore, the evident purpose of Senate Bill No. 114 was to make for stricter requirements on school bus operators. Sections 302.051 and 302.070, RSMo 1986, were amended in that same bill to add to the requirements of school bus operators in districts exempted under subsection 7 of Section 302.272 that they possess a chauffeur's license and be at least eighteen years of age. The provisions added by the 1987 amendment are underlined:
 Any person holding a valid operator's license shall not be required to procure a chauffeur's license for the operation for official use of any motor vehicle owned by the United States, the state of Missouri, or by any municipality or political subdivision of this state, except that a person shall be required to procure a chauffeur's license to operate a school bus for a school district whose central administrative offices are located in a county of the third or fourth class and whose board of education has not elected to comply with the requirements of section 302.272. Section 302.051, RSMo Supp. 1988 (Laws of Missouri, 1987, page 724 at 726).
 No person who is under the age of twenty-one years shall drive any motor vehicle while in use as a public or common carrier of persons or property until he has been licensed as a chauffeur, except that drivers of trucks of less than one ton manufacturer's rated capacity may be licensed as a chauffeur if at least eighteen years of age. An operator of a school bus shall be at least eighteen years of age and shall obtain a chauffeur's license unless the school district for whom he operates the school bus complies with the requirements of section 302.272 which requirement shall then apply.
Section 302.070, RSMo Supp. 1988 (Laws of Missouri, 1987, page 724 at 726).
Subsection 1 of Section 304.060 was also amended in Senate Bill No. 114 to add, among other things, a sentence giving the State Board of Education authority to promulgate regulations governing the use of authorized common carriers for the transportation of students for specified purposes. See third sentence of subsection 1 of Section 304.060, RSMo Supp. 1988 (Laws of Missouri, 1987, page 724 at 727).
Since the purpose of the above-described amendments in Senate Bill No. 114 was to make stricter the requirements of drivers of vehicles transporting school children, then an exception such as Section 167.242 should be construed narrowly with the phrase "under contract to transport" being restricted to contracts which have an express provision therein for the transportation of school children and not being extended to employment contracts which only incidentally or impliedly impose the duty to transport school children.
In answer to Question 3, a school district employee's contract is a "contract to transport" under Section 167.242, RSMo Supp. 1988, only when that contract contains an express provision imposing upon the employee the duty to transport school children.
QUESTION 4
 4. If the vehicle in question number 1 is owned by a public school district, would the vehicle be considered a school bus and does the operator need a school bus operator's permit or chauffeur's license?
As question 1 is modified by question 4, it reads as follows:
 In a first or second class county or in a third or fourth class county whose Board of Education has adopted written compliance with Section 302.272, RSMo Supp. 1988, does Section 167.242, RSMo Supp. 1988 exempt an individual transporting four or fewer students in a vehicle owned by the school district from being licensed as a school bus operator or as a chauffeur while under contract with a public school or the State Board of Education?
According to the terms of Section 302.010(15), whether the vehicle is owned privately or by the school district does not affect the determination as to whether it is a school bus. That determination depends on how the vehicle is used:
 . . . any motor vehicle, either publicly or privately owned, used to transport students to and from school, or to transport pupils properly chaperoned to and from any place within the state for educational purposes." Section 302.010(15), RSMo Supp. 1988.
Whether the vehicle is a school bus or not, a school bus operator's permit under Section 302.272 is required of the operator in either instance. If the vehicle is owned by the school district and comes within the definition of "school bus" in subsection (15) of Section 302.010, the operator would have to have a school bus operator's permit under Section 302.272. The exception for privately owned automobiles in Section 167.242 does not apply here because a vehicle owned by a school district is publicly, not privately, owned. School District of Oaklandv. School District of Joplin, 340 Mo. 779, 102 S.W.2d 909, 910
(1937). If the vehicle is a vehicle other than a school bus, under the second sentence of Section 304.060.1, the operator would have to have a school bus operator's permit as explicitly provided in that sentence (". . . the operator shall be licensed in accordance with Section 302.272, RSMo").
CONCLUSION
It is the opinion of this office that:
1. In a first or second class county or in a third or fourth class county whose board of education has adopted written compliance with Section 302.272, RSMo Supp. 1988, Section 167.242, RSMo Supp. 1988 exempts an individual transporting four or fewer students in a privately owned automobile from being licensed as a school bus operator or as a chauffeur while under contract to transport with a public school or the State Board of Education.
2. There is no requirement under Section 167.242 that the operator be paid compensation for the exemption to be applicable but the operator must have a legally valid contract to transport.
3. A public school district employee's contract would be considered a "contract to transport" under Section 167.242 only if it contained an express provision regarding the employee's responsibilities to transport school children.
4. In a first or second class county or in a third or fourth class county whose board of education has adopted written compliance with Section 302.272, Section 167.242 does not exempt an individual transporting four or fewer students in an automobile owned by the school district from being licensed as a school bus operator because the exemption applies only to automobiles which are privately, not publicly, owned; therefore, the operator would be required to obtain a school bus operator's permit.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
 APPENDIX I
 302.272. School bus operator's permit, qualifications — classification of buses — permit renewal, when, requirements — fee — temporary permits — grounds for refusal to issue or renew permit — criminal record checks of applicants — provisions of this section to be optional in districts in certain counties. —
 1. No person shall operate any school bus owned by or under contract with a public school or the state board of education unless such driver has qualified for a school bus operator's permit under this section and complied with the pertinent rules and regulations of the department of revenue. A school bus operator's permit shall be issued to any applicant who meets the following qualifications:
 (1) The applicant has a valid state operator's license or chauffeur's license issued under this chapter or has an operator's license or chauffeur's license valid in any other state;
 (2) The applicant shall be at least twenty-one years of age and not over seventy years of age;
 (3) The applicant shall have passed a medical examination, including vision and hearing tests, as prescribed by the director of revenue: and
 (4) The applicant shall have successfully passed an examination for the operation of a school bus as prescribed by the director of revenue. The examination shall include, but need not be limited to, a written skills examination of applicable laws, rules and procedures, and a driving test in the type of vehicle to be operated. The test shall be completed in the appropriate class of vehicle to be driven. For purposes of this section school buses will be classified as:
 (a) Class A — those capable of transporting twenty-four or more passengers; and
 (b) Class B — those capable of transporting fewer than twenty-four passengers.
 Any person successfully passing an examination for the operation of a class A bus shall be deemed eligible to operate a class B bus.
 2. A school bus operator's permit shall be renewed every three years and shall require the applicant to provide a medical examination as specified in subdivision (3) of subsection 1 of this section and to successfully pass a written skills examination as prescribed by the director of revenue in consultation with the department of elementary and secondary education. The director may waive the written skills examination on renewal of a school bus operator's permit upon verification of the applicant's successful completion within the preceding twelve months of a training program which has been approved by the director in consultation with the department of elementary and secondary education and which is at least eight hours in duration with special instruction in school bus driving.
 3. The fee for a new or renewed school bus operator's permit shall be three dollars.
 4. Upon the applicant's completion of the requirements of subsections 1, 2 and 3 of this section, the director of revenue shall issue a temporary school bus operator's permit to the applicant until such time as a permanent school bus operator's permit shall be issued following the record clearance as provided in subsection 6 of this section.
 5. The director of revenue, to the best of his knowledge, shall not issue or renew a school bus operator's permit to any applicant:
 (1) Whose driving record shows that such applicant's privilege to operate a motor vehicle has been suspended or revoked or whose driving record shows a history of moving vehicle violations;
 (2) Who has been convicted of any felony for an offense against the person as defined by chapter 565. RSMo: of any misdemeanor or felony for a sexual offense as defined by chapter 566. RSMo: of any misdemeanor or felony for prostitution as defined by chapter 567. RSMo: of any misdemeanor or felony for an offense against the family as defined in chapter 568. RSMo: of any misdemeanor or felony for pornography or related offense as defined by chapter 573. RSMo: or of any similar crime in any federal, state, municipal or other court of similar jurisdiction of which he has knowledge;
 (3) Who has been convicted of any felony involving robbery, arson, burglary or a related offense as defined by chapter 569. RSMo: any felony or misdemeanor for violation of drug regulations as defined in chapter 195. RSMo: or any similar crime in any federal, state, municipal or other court of similar jurisdiction within the preceding ten years of which he has knowledge.
 6. The department of social services or the Missouri highway patrol, whichever has access to applicable records, shall provide a record of clearance or denial of clearance for any applicant for a school bus operator's permit for the convictions specified in subdivisions (2) and (3) of subsection 5 of this section. The department of social services or the Missouri highway patrol shall provide the record of clearance or denial of clearance within thirty days of the date requested. relying on information available at that time; provided, however, that the department of social services or the Missouri highway patrol shall provide any information subsequently discovered to the department of revenue.
 7. Compliance with subsections 1 through 6 of this section shall be optional for school districts whose central administrative offices are located in counties of the third or fourth class. No school bus operator employed by such school district shall be required to comply with the provisions of subsections 1 through 6 of this section unless the board of education elects by written record to adopt compliance with this section.
 (L. 1986 S.B. 707 § 302.270, A.L. 1987 H.B. 384 Revision and S.B. 3)
 APPENDIX II
 304.060. School buses and other district vehicles, use to be regulated by board — field trips in common carriers regulation authorized — violation by employee, effect — design of school buses, regulated by board — St. Louis County buses may use word "special". —
 1. The state board of education shall adopt and enforce regulations not inconsistent with law to cover the design and operation of all school buses used for the transportation of school children when owned and operated by any school district or privately owned and operated under contract with any school district in this state, and such regulations shall by reference be made a part of any such contract with a school district. The state board of education may adopt rules and regulations governing the use of other vehicles owned by a district or operated under contract with any school district in this state and used for the purpose of transporting school children, but except for common carriers, such other vehicles shall not transport more than four school children at any one time and the operator shall be licensed in accordance with section 302.272, RSMo. The state board of education may also adopt rules and regulations governing the use of authorized common carriers for the transportation of students on field trips or other special trips for educational purposes. Every school district, its officers and employees, and every person employed under contract by a school district shall be subject to such regulations. The state board of education shall cooperate with the state highways and transportation department and the state highway patrol in placing suitable warning signs at intervals on the highways of the state.
 2. Any officer or employee of any school district who violates any of the regulations or fails to include obligation to comply with such regulations in any contract executed by him on behalf of a school district shall be guilty of misconduct and subject to removal from office or employment. Any person operating a school bus under contract with a school district who fails to comply with any such regulations shall be guilty of breach of contract and such contract shall be canceled after notice and hearing by the responsible officers of such school district.
 3. Any other provision of the law to the contrary notwithstanding, in any county of the first class with a charter form of government adjoining a city not within a county school buses may bear the word "special".
(L. 1949 p. 329 § 2, A.L. 1977 H.B. 130, A.L. 1987 S.B. 114)